IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRACY W. MAXWELL,<br><br>                Plaintiff,<br><br>      vs.<br><br>SARPY COUNTY CLERK OF COURT, State of Nebraska; TODD WEST, Public Defender; and BEVERLY A. HUETER, Court Reporter;<br><br>                Defendants. | 8:20CV130<br><br>MEMORANDUM AND ORDER |

       This closed case is before the Court on Plaintiff Tracy W. Maxwell's motion for "revivor," Filing No. 11, which the Court construes as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), and a motion for leave to proceed in forma pauperis ("IFP"), Filing No. 12. For the reasons that follow, Plaintiff's motions will be denied.

       Plaintiff filed his Complaint on April 2, 2020, while he was incarcerated. Filing No. 1. The Court granted Plaintiff leave to proceed IFP and directed Plaintiff to pay an initial partial filing fee of $21.56, which Plaintiff paid on May 4, 2020. Filing No. 6. Plaintiff then filed a notice of change of address indicating he was no longer incarcerated, Filing No. 7, and the Court ordered Plaintiff to file a new request for leave to proceed IFP or pay the Court's filing and administrative fees by June 19, 2020, Filing No. 8. Plaintiff failed to take any action, and the Court dismissed this case without prejudice on June 29, 2020, because Plaintiff failed to prosecute it diligently and failed to comply with the Court's orders. Filing No. 9; Filing No. 10.

Over three and a half years later, Plaintiff, who is currently incarcerated in the Douglas County Department of Corrections, filed the present motions. He asks the Court to revive this matter so that he may pursue his claims in his original Complaint. Plaintiff believes this case was dismissed because he was unable to pay the initial partial filing fee and indicates he is now able to "pay an initial fee in this matter." Filing No. 11 at 2. Plaintiff also seeks to proceed IFP in his revived case. Filing No. 12. Plaintiff is not entitled to the relief he seeks.

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). Additionally, a Rule 60(b) motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1).

Here, the only applicable provision is Rule 60(b)(6). However, Plaintiff has not presented any extraordinary circumstances justifying relief from the Court's judgment of dismissal entered more than three years ago. Contrary to Plaintiff's belief, this matter

2

was not dismissed because Plaintiff failed to pay his initial partial filing fee, but because Plaintiff failed to comply with the Court's orders and file a new IFP motion or pay the full filing fee after his release from incarceration. As Plaintiff's Complaint was dismissed without prejudice, Plaintiff is free to re-file his claims in a new case and may utilize the enclosed forms for that purpose if he so chooses.[1] Thus, the Court finds that Plaintiff has failed to establish sufficient grounds for setting aside the Court's judgment under Rule 60(b), and his IFP motion is moot.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for "revivor," Filing No. 11, construed as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), and motion for leave to proceed IFP, Filing No. 12, are denied.

2. The Clerk of the Court is directed to send to Plaintiff a form civil complaint (prisoner) and the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

Dated this 9th day of February, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

[1] Plaintiff is advised that if he files a new civil case while he is a prisoner, he will be required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if he is proceeding IFP. 28 U.S.C. § 1915(b).

3